CASE 24—ACTION BY SUSIE HUGHES ' AGAINST THE SUPREME COMMANDERY OF THE UNITED ORDER OF THE GOLDEN CROSS OF THE WORLD TO RECOVER ON A BENEFIT CERTIFICATE.—NOVEMBER 26.

| 114 | 175 |
| o114 | 829 |
| o114 | 958 |

| 114 | 175 |
| f127 | 353 |

| 114 | 175 |
| f138 | 365 |

# Supreme Commandery of the United Order of the Golden Cross of the World v. Hughes.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

LIFE INSURANCE—FRAUDULENT REPRESENTATIONS—APPLICATION TO ACCOMPANY POLICY—ANSWER—DEMURRER.

1. Kentucky Statutes, sec. 679, requiring that the application or charter and by-laws of an insurance company doing business

under the laws of the State, or a copy thereof, shall be attached to the policy before it can be treated as part of the contract and used in evidence, applies to assessment co-operative companies doing business on the lodge plan.

2. Where an answer in an action on a mutual benefit certificate did not allege reliance on any representations, except those made in the application, which were alleged to be fraudulent, and that part of the answer alleging such representations was properly stricken because the application was not made a part of the policy, as required by Kentucky Statutes, sec. 679, a demurrer to the answer was properly sustained.

W. M. REED AND GREER & REED, FOR APPELLANT.

The only questions involved are as to the correctness of the rulings of the court below, in sustaining a motion to strike out the greater part of appellant's answer, and sustaining a demurrer to the remainder thereof, and a determination of these questions involves a construction of sections 641 and 679, Kentucky Statutes.

The answer alleged that appellant was a secret fraternal order and had lodges which were under the supervision of a grand supreme body, and that said subordinate lodges (in one of which appellee's deceased husband was a member) acquired members therein through the lodge system exclusively, and that it did not pay any commission to or employ any agents except in the organization and supervision of the work of its local subordinate lodges, and that under its articles of incorporation, "Grahamville Commandery No. 803," had been organized and was subject to the rules, laws and regulations pertaining to said local or subordinate lodges, and the members thereof had a right to receive policies of insurance in compliance with said rules and regulations, and that on the conditions set forth in the application of the assured for membership therein, and in consideration thereof, and according to the terms of the benefit certificate sued on, the application of the deceased was made a part thereof.

The appellant then set out specifically its defense, alleging various representations and warranties of said assured in his application for membership in said order, and the breaches thereof, all of which are fully set out in the answer.

The court below appears to have acted on the idea that the application could not be used as evidence to sustain the allegations of the answer unless the same, or a copy thereof, was attached to the benefit certificate sued on.

We insist that section 679 of the Kentucky Statutes, which requires that the application or Constitution and by-laws of an in-

surance company, doing business under the laws of Kentucky, or a copy thereof, shall be attached to the policy before it can be treated as a part of the contract or used in evidence on the trial of a case, does not apply to an order like the appellant.

We maintain that there is not a single line from the beginning to the end of chapter 32, Kentucky Statutes, that can be made to apply to secret fraternal orders, issuing benefit certificates, as in appellant's case, and that it was the evident intention of the Legislature, in section 641, to exempt orders of this kind from all the provisions of said chapter. Such a construction as has been given by the lower court would render the exception provided for in section 641 absolutely nugatory, notwithstanding the plain legislative intent therein expressed.

### AUTHORITIES CITED.

Am. & Eng. Ency. of Law, 2d ed., p. 1051; Sherman v. Com., 82 Ky., 102.

R. T. LIGHTFOOT AND BLOOMFIELD & CRICE FOR APPELLEE.

The entire defense of the appellant in this action is based upon the statements made by assured in his application which is not incorporated into or set out in the insurance policy or benefit certificate, and no copy thereof is in any way attached to or accompanying said policy or certificate, and, as we insist, form no part of the insurance contract.

For this reason all the allegations in the answer, referring to statements, &c., contained in said application and relied on as a defense, were on motion of appellee stricken out.

With these allegations out, the answer presented no valid defense and a demurrer was properly sustained to it by the court.

It is not alleged in the answer, nor is it contended in this case, that the application of the assured, or any part of it, is embraced in the certificate or policy, or that any copy thereof is in any wise attached to or accompanying said certificate. nor does it show that the constitution, by-laws or other rules of the appellant were, in any wise, embraced in the certificate of insurance or attached to it, and therefore we insist that under section 679, Kentucky Statutes, said application, Constitution, by-laws, &c., can not be considered a part of the policy or of the contract between the parties.

From the record, it is evident that appellant is doing simply a life insurance business—no aid or charity or other benefit is promised or given by the certificate to its members or their families except the $1,000 promised to be paid under the cer-

178      KENTUCKY REPORTS.     [Vol. 114

Supreme Com. of U. O. of the Golden Cross of the World v. Hughes.

tificate sued on, and there was no other inducement promised to its members for their payment of assessments.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 656, 664, 679; Prov. S. L. Assn. So. v. Puryear's Admr, 22 Rep., 982; Rice v. Rice's Admr., 23 R., 636; Sherman v. Com., 82 Ky., 105.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This suit was brought by appellee, Susie C. Hughes, against the appellant, the Supreme Commandery of the United Order of the Golden Cross of the World, to recover $1,000 on a benefit certificate issued by appellant on the life of her deceased husband, Francis M. Hughes, which reads as follows: "This certificate is issued to Francis M. Hughes, member of the Grahamville Commandery, 803, of the United Order of the Golden Cross, located at Grahamville, Kentucky, upon evidence received from said commandery that he is a contributor to the benefit fund of this order, and upon condition that the statements made by him in his application for membership in said commandery, and the statements certified by him to the medical examiner, both of which are filed in the office of the supreme keeper of records, be made a part of this contract, and upon condition that the said member complies in the future with the laws, rules and regulations now governing said commandery and fund, or hereafter enacted by the supreme commandery to govern said commandery and fund. These conditions being complied with, the supreme commandery hereby promises and binds itself to pay out of its benefit fund to Susie C. Hughes, wife, in accordance with and under the provisions of the law governing said benefit fund, and upon satisfactory evidence of the death of said member, and the surrender of this certificate, the sum of $1,000.00, provided said benefit fund reaches the sum of $2,000.00 at

the assessment called in payment of this certificate, and, if said assessment shall not reach said sum of $2,000.00, then there shall be paid on said certificate all or a proportional part of the fund received from the membership in one assessment." Appellant, in its answer, says that it was and is a secret fraternal order, and has lodges which were and are under the supervision of a grand supreme body, and said subordinate lodges acquire members therein through the lodge system, exclusively, pay no commissions, and employ no agents, except in the organization and supervision of the work of local subordinate lodges; admits that Francis M. Hughes was a member of the commandery located at Grahamville, Ky., and that the benefit certificate sued on was regularly issued to him in consideration of and upon the representation made by him in his application therefor; but denies any liability thereon, for the reason that he made numerous false and fraudulent representations in his application as to the condition of his health, to-wit, that he represented in said application that he had never been insane or predisposed to insanity; that he had never had, and was not predisposed to, spinal disease, when, as a matter of fact, he had been afflicted with the disease known as "spinal meningitis," which is a disease affecting the brain and spine; that he was in sound bodily health, whereas in fact his constitution and health had been seriously impaired; and that he made many other false answers to the questions propounded to him by the medical examiner touching the condition of his health, which are specifically recited, and which were material to the risk, and were relied on by the defendant in the issual of its certificate. A copy of the petition, statements, and application are filed as exhibits with the answer. The trial court sustained a motion to strike from the defendant's

180      KENTUCKY REPORTS.      [Vol. 114

Supreme Com. of U. O. of the Golden Cross of the World v. Hughes.

answer all reference to representations made by the insured in his application for the benefit certificate, on the ground that neither the application, petition, nor medical examiner's certificate was attached to, accompanied, or was embraced in, the certificate of insurance, to which the defendand excepted. A general demurrer was then sustained to the answer, and, defendant declining to plead further, judgment was rendered thereon, and, defendant appeals. And it is insisted that section 679 of the Kentucky Statutes, which requires that the application or charter and by-laws of the insurance company doing business under the laws of this State, or a copy thereof shall be attached to the policy before it can be treated as a part of the contract, or used in evidence on the trial of the case, has no application to secret fraternal orders, to which appellant belongs; that by sections 641 and 658 of the Kentucky Statutes, this class of insurance companies is expressly exempted from this and similar provisions of the insurance law.

Section 641 of the statutes is found under subdivision 1 of the article on "Insurance," and reads as follows: "The words, 'insurance company,' or 'insurance corporations,' as used in this article, shall be held to mean and include any association, individual, company, corporation, partnership, or joint stock company, engaged in or carrying on, in any manner, the business of insurance in this State, except that the provisions of this chapter or article shall not apply to secret or fraternal societies, lodges or councils, which are under the supervision of a grand or supreme body, and secure members through the lodge system exclusively, and pay no commission nor employ any agents, except in the organization and supervision of the work of the local lodges." The exemption in this section only refers to those

general provisions regulating insurance companies found in subdivision 1 of the insurance law. Section 658 is found under subdivision 2 of the insurance law, which treats of what are generally known as standard or old-line insurance companies, and exempts associations which do not guaranty a fixed amount of insurance on their policy contract, and do not charge a fixed premium for the performance of such contracts, from the provisions of the law applicable to the old-line insurance companies embraced in that subdivision. Appellant undoubtedly belongs to that class of life insurance companies treated of in subdivision 3, known as assessment or co-operative companies. Section 664, which falls under subdivision 3, provides: "Any corporation, association or society which issues any certificate, policy or other evidence of interest to, or makes any promise or agreement with, its members, whereby, upon the decease of a member, any money or other benefit, charity, relief or aid is to be paid, provided or rendered by such corporation, association or society, to the legal representative of such member or to the beneficiary designated by such member, which money, benefit, charity, relief or aid is derived from voluntary donations or to be collected from the member thereof, or the members of a class therein, and interest and accretions thereon, or rebates from amounts payable to the beneficiaries or heirs, and wherein the paying, providing or rendering of such money or other benefit, charity, relief or aid is conditioned upon same being realized in the manner aforesaid, and wherein the money or purposes of such corporation, association or society, and the expenses of the management and prosecution of its business, shall be deemed to be engaged in the business of life insurance upon the co-operative or assessment plan, and shall be subject only to the provisions of this sub-division." Section

679 of the Kentucky Statutes is found among the provisions especially applicable to the co-operative or assessment life insurance companies, and we think unquestionably applies to the benefit certificate sued on in this case. In Society v. Puryear's Adm'r, 109 Ky., 381 (22 R., 980), (59 S. W., 15), it was held to apply also to policies issued by old-line companies; and in Rice v. Rice's Adm'r (23 R., 635), (63 S. W., 586) it was held that, in an action to recover on a policy of insurance, representations made therefor by the insured in his application form no part of the contract, and could not be considered in evidence. The court therefore properly struck out all the paragraphs of the answer which refer to or rely upon the representation made by the insured in his application for insurance, or the report of the medical examiner which accompanied same, and as the certificate only purports to have been issued upon representations made in the application, and there is no averment in the answer that any other form of representations were relied upon, the demurrer was properly sustained.

For reasons indicated, the judgment is affirmed.

Petition for rehearing by appellant overruled.