CASE 92—JAMES SIMS WAS CONVICTED OF THE OFFENSE OF SOLICITING
LIFE INSURANCE AS AGENT FOR A FOREIGN CORPORATION WITH-
OUT A LICENSE FROM THE INSURANCE COMMISSIONER.—FEB. 11.

# Sims v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.    AFFIRMED.

INSURANCE COMPANIES—AGENT SOLICITING WITHOUT LICENSE—FORM-
ING DOMESTIC CORPORATION.

Held:   1. Kentucky Statutes, section 633, makes it unlawful for any
one to solicit applications for insurance on behalf of any for-
eign insurance company in this State without a license therefor
from the insurance commissioner of this State, and sections
641 and 664, Kentucky Statutes, defines what are insurance
companies in the meaning of the law. HELD, that one who so-
licits insurance for any foreign insurance company in this
State, though it be an assessment or co-operative company, with-
out a license from the insurance commissioner, is liable to
the penalty therefor prescribed in said section 633.
2. Under Kentucky Statutes, section 880, providing that "when
articles of incorporation are filed and recorded as provided in
section 779 and a certificate of that fact is issued by the sec-
retary of State, the signers shall be deemed a body corporate,"
the filing of the articles of incorporation in the county, by the
company represented by the defendant, does not constitute it a
domestic corporation, as no copy thereof was ever filed in the
office of the secretary of State as required by said section 880.

SWEENEY, ELLIS & SWEENEY, FOR APPELLANT.

LAVEGA CLEMENTS AND HAZELRIGG & CHENAULT, FOR COM-
MONWEALTH.

(No briefs.)

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

Appellant was convicted and fined in the lower court for
the offense of soliciting life insurance, as the agent of a
foreign company, without first having procured a license
and authority to conduct such business from the insurance

commissioner. The defense interposed was that the company represented by the appellant is not an insurance company, but merely a fraternal society, and, though the contract it makes with its members is a contract of insurance, it is claimed that the insurance is only incidental to such fraternal society, and that the corporation is exempt from the jurisdiction of the State insurance department, because it does not transact its business through soliciting agents, but only such as undertake the work of organizing and supervising local unions and lodges. Section 641, Kentucky Statutes, declares that the words "insurance company" or "insurance corporation" shall include "any association, individual, company, corporation, partnership or stock company engaged in or carrying on in any manner the business of insurance in this State except that the provisions of this chapter or article shall not apply to secret or fraternal societies, lodges or councils which are under the supervision of a grand or supreme body and secure members through the lodge system exclusively and pay no commission nor employ any agents except in the work of local subordinate lodges or councils." So the question presented for the consideration of this court is, is the appellant the agent of a corporation whose business is that of insurance or benevolence? We know of no better definition of an "insurance contract" than is found in Commonwealth v. Wetherbee, 105 Mass., 160, wherein it is said: "A contract of insurance is an agreement by which one party, for a consideration, which is usually paid in money, either in one sum, or at different times during the continuance of the risk, promises to make certain payments of money upon the destruction or injury of something in which the other party has an interest. All that is requisite to constitute such a contract is the payment of the consideration by the

one, and the promise of the other to pay the amount of the insurance upon the happening of an injury to the subject by a contingency contemplated in the contract." Tested by the foregoing definition, we find that the certificate of membership contained in the record, which is the form of contract used between the corporation represented by appellant and its members, is neither more nor less than a contract of insurance, for it recites that in consideration of the payment by one Wm. Smith, named therein, of a certain sum of money each and every week during the existence of the contract, the corporation would pay him a certain sum, of $3 per week, in case of sickness or accident, and in case of his death the sum of $55 to the beneficiaries or assigns named in the contract, upon satisfactory proof of death, filed in the office of the corporation. The certificate or policy further provides that the insured must have been in good health and free from disease at the time of application for membership. It declares that "no invalids of any kind can hold a policy in this company." It also provides that, if a member shall fail to pay his "premiums" for 30 days, he forfeits all money paid to the company, and that members in arrears receive no benefits while sick. A medical examination is required of all applicants for membership. The application is made a part of the contract, and it will be found to contain the questions that appear in all other applications for life insurance, such as the usual inquiries as to age, birth, health, family and personal history, habits, etc. In Supreme Commandery of the United Order of the Golden Cross v. Hughes, 114 Ky., 175, 24 R., 984, 70 S. W., 405, it was decided by this court that such a society or company as is represented by appellant is an "assessment or co-operative company," declared by section 664 of the statute to be an insurance

company engaged in the business of life insurance on the co-operative or assessment plan.

Between April 1, and July 1, 1901, 250 members were insured by this company in Owensboro, and these members did not attach themselves to a lodge to become insured, but were secured by employed agents of the company, through whom they received certificates or contracts of insurance. The lodge, so called, which seems to have been organized by those claiming membership in the company, was not established until after this prosecution was commenced against appellant. It must, therefore, have been a mere afterthought. It is apparent, too, that the filing of articles of incorporation in Jefferson county by the company represented by appellant did not constitute it a domestic corporation, as no copy thereof was ever filed in the office of the secretary of State, as required by section 880, Kentucky Statutes. Upon the other hand, it is shown, beyond question, that the company is a foreign corporation, for it styles itself the "National Industrial Benefit Endowment Company of Lynchburg, Va.," and was originally incorporated at Lynchburg Va., where its chief office is yet located. All the contracts of insurance are made in that city. All moneys that are collected and all reports that are made are sent there. Although appellant's company may be deemed an assessment or co-operative insurance company, as defined in section 664 of the statute, that fact will not relieve him from the penalty imposed by the judgment of the lower court, for as it is, beyond doubt, a foreign corporation, and in law and in fact an insurance company, he was required by section 633 of the statute, supra, to obtain of the State commissioner of insurance a license to represent it as agent before transacting any business for the company in this State.

As it was admitted on the trial that appellant had not procured a license of the insurance commissioner, the judgment of conviction is affirmed.