# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## APRIL TERM, 1903.

CASE 1—MOTION OF HAZELRIGG & CHENAULT FOR AN ALLOWANCE OF AN ATTORNEY'S FEE FOR PROSECUTING JAMES SIMS FOR SOLICIT-ING LIFE INSURANCE WITHOUT A LICENSE.—JUNE 11.

## Sims v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

MOTION OVERRULED.

ATTORNEY'S FEES—EMPLOYMENT BY INSURANCE COMMISSIONER—CLAIM AGAINST TREASURY—DUTY OF ATTORNEY GENERAL.

Held: Kentucky Statutes, 1899, section 113, requires the Attorney General to attend in behalf of the Commonwealth in all cases in which it is interested, except where it is the duty of the county attorney to represent the State. Section 117a declares that, in all cases in the Court of Appeals in which the Attorney General is required to appear, he shall receive for his services the sum of $20, to be paid from the State Treasury, &c.; and section 118 requires the Commonwealth attorney to prosecute all violations of criminal and penal laws in the circuit court. Criminal Code, section 354, contains the same provision as in section 117a, Kentucky Statutes, 1899, as to the taxed attorney's fee, and section 356 contains a like provision as to the damages awarded in each case. HELD, that Kentucky Statutes, 1899, section 762, authorizing the Governor to allow a reasonable compensation to attorneys of the Insurance Department for services rendered in enforcing laws relating to insurance companies, provided that, in cases tried by any court, such compensation shall be adjudged by the court, should be construed in connection with such previous sections, and hence did not justify an allowance for services of attorneys other than the Attorney General who represented the State in the Court of

Appeals in the successful prosecution of an insurance agent for soliciting life insurance without a license from the Insurance Commissioner.

HAZELRIGG & CHENAULT, OF COUNSEL.

While we concede that the Court of Appeals is essentially an appellate court with appellate jurisdiction, still, at the same time, we do not understand that the court is precluded from fixing attorneys' fees for non-resident attorneys, &c., where services are rendered in the court. Especially is this true where there is a statute authorizing the court to fix these fees. Section 762 of the Kentucky Statutes says that attorneys for the Insurance Department shall have their fees fixed by the court trying the case. It is true that the case was tried in the Daviess Circuit Court, but counsel here had nothing to do with the trial in that court. When it came to a trial of the case in the Court of Appeals we were employed there and it seems but proper that the court where the case was tried should fix the compensation, said court being familiar with the services rendered and being a court of competent jurisdiction. In fixing this compensation we do not understand that the court is in the least exercising any original jurisdiction. Such allowance is, if anything under the statute, a mere incident to its appellate jurisdiction.

We trust the court will see its way clear to allow the fee.

OPINION OF THE COURT BY JUDGE HOBSON—OVERRULING.

James Sims was indicted in the Daviess circuit court for the offense of soliciting life insurance, as the agent of a foreign company, without having first procured a license from the Insurance Commissioner, authorizing him to act as such. He was fined $100. He prosecuted an appeal to this court, and the judgment of the Daviess circuit court was affirmed. See Sims v. Commonwealth, 114 Ky., 827, 24 R., 1591, 71 S. W., 929. It was a test case. Messrs. Hazelrigg & Chenault, attorneys, who appeared for the Commonwealth on that appeal, have now entered a motion that this court enter an order allowing them the sum of $500 as a fee for their services in the case, payable out of the State Treasury, on the ground that they were employed by the

Insurance Commissioner to prosecute the case.  The only question we deem it necessary to consider is whether there is any authority of law for the allowance.  The statutes to which we have referred are the provisions of subdivision 8, c. 32, Kentucky Statutes, 1899, creating the Insurance Department (sections 744-762).  The only sections that seem to have any bearing on the case are these:

"There is hereby established in connection with the office of Auditor of Public Accounts a department to be designated the Insurance Department, which shall be charged with the enforcement of the laws heretofore passed or which may hereafter be passed relating to insurance."  Section 744.

"The Governor may allow such reasonable compensation to attorneys or agents of the Insurance Department for services rendered and for expenses incurred in enforcing the laws relating to insurance companies, as he may deem proper: provided that in all cases tried by any court of competent jurisdiction such compensation shall be adjudged by the court. . . ."  Section 762.

The statute forbidding an agent of a foreign company from soliciting life insurance without having first obtained a license from the Insurance Commissioner comes within the purview of section 744; and the commissioner is, under that section, charged with its enforcement.  But whether section 762 contemplates the employment of attorneys to prosecute criminal cases, or appeals in those cases in this court, is a different matter.  These sections must be read in connection with the other provisions of the Kentucky Statutes.  By section 113 it is made the duty of the Attorney General to attend in behalf of the Commonwealth to all cases and proceedings in which she may be interested, except where it is made the duty of the Commonwealth or

county attorney to represent the Commonwealth. And by section 117a, a taxed attorney's fee of $20 is provided in each case in which it is his duty to represent the State, to be taxed against the unsuccessful party and paid into the State Treasury. By section 118 it is the duty of the Commonwealth attorney to prosecute all violations of the criminal and penal laws in the circuit court. In section 354 of the Criminal Code the same provision, in substance, is made as in section 117a, Kentucky Statutes, 1899, as to the taxed attorney's fee, and a like provision is made in section 356 as to the damages awarded in such cases. These statutes, taken together, clearly make it the duty of the Attorney General to prosecute appeals in criminal and penal cases taken by the defendant to this court; and, when the State had thus provided its legal machinery, it is hard to conceive that it was contemplated that the insurance commissioner should employ counsel in this court to discharge the duties imposed by law upon the Attorney General. The rule is elementary that claims upon the public treasury are never allowed on doubtful inference. To open the door of the Treasury, there must be a clear warrant of law for the payment of the claim. It is also elementary that the provisions of the different sections of the revision known as the "Kentucky Statutes" must be read together, and that one section will not be read in conflict with another if this can be fairly avoided. Under this rule, we do not think that section 762 can be held to warrant the employment of counsel in this court to represent the Commonwealth on appeals taken in criminal or penal cases. See Coulter, Auditor, v. Denny, 23 R., 1619, 67 S. W., 65.

The motion for an allowance is therefore overruled.