## American Patriots v. Kinkead, et al.

## American Patriots v. Kinkead.

(Decided October 4, 1911.)

Appeals from Christian Circuit Court.

1. Fraternal Societies—Insurance Company—Process on Insurance Commissioner.—A fraternal society which is under the control of a supreme body, and secures members through the lodge system exclusively, paying no commission, and employing no agents except in the supervision of the local lodges, is not a foreign insurance company within the meaning of Section 631, Kentucky Statutes, and process on it cannot be served on the Insurance Commissioner under that statute, although it is incorporated under the laws of another State.

2. Foreign Corporation—Filing Statement with Secretary of State.— Such a society is however a foreign corporation doing business in this State and must comply with Section 571, Kentucky Statutes, requiring such companies to designate in a statement filed in the Secretary of State's office, an agent upon whom process may be served.

3. Agent—Serving Process—Validity of Service.—When a person was not an agent at the time the process was served on him, the service is invalid as to the company unless he had been designated in the statement filed with the Secretary of State, and this must be pleaded. The objection cannot be raised on demurrer.

HUNTER, WOOD & SON for appellants.

DOUGLAS BELL, TRIMBLE & BELL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

John A. Kinkead held two certificates in a fraternal order known as the National Fraternal Union, which afterwards consolidated with another fraternal order, the American Patriots, an Illinois corporation, the latter corporation assuming to pay the benefits certificates in the National Fraternal Union. Subsequently John A. Kinkead died, and Nora Kinkead, his wife, brought two suits in the Christian Circuit Court against the American Patriots to recover the amounts which she alleged to be due her upon the certificates. Process was issued upon the petitions, which was served on C. W. Bell, Insurance Commissioner of the State of Kentucky, and also on J. T. D. Woodruff, as agent for the State of Kentucky of the American Patriots. The defendant not appearing, judgment by default was rendered against the corporation, June 10th, 1909. On September 12th, 1910, the corporation brought two suits in the Christian Circuit Court to obtain a new trial in the actions referred to on the ground that it had been prevented by casualty or misfortune from appearing and defending. The circuit court sustained a demurrer to each petition and the company de-

clining to plead further, the actions were dismissed. The company appeals.

The statements in each of the petitions are the same. It was alleged in substance that the American Patriots is a secret fraternal society under the supervision of a supreme body which secures members through the lodge system exclusively, pays no commission and employs no agents; that neither Woodruff nor Bell upon whom process was served, ever sent the copy of the summons to the company or communicated to it or any of its officers that the suit had been filed; that it had no knowledge whatever of the institution of the suit or the rendition of the judgment until in June, 1910, when it received a letter from Mrs. Kinkead's attorneys informing it of the judgment against it, and seeking to collect it; that it was prevented by unavoidable casualty or misfortune from appearing, that Woodruff was not its agent at the time the process was served on him, and that it did not belong to the class of insurance companies which under the statute, may be brought before the court by service of process on the Insurance Commissioner. It also alleged that Kinkead had not paid his assessments, and was not a member in good standing, and set out that if permitted to file an answer, it would controvert the allegations of plaintiff's petition. Other matters were alleged that need not be noticed here.

We will consider first the question whether the service on the Insurance Commissioner was valid under the statute. Section 631, Ky. Stat., among other things, provides:

"Before authority is granted to any foreign insurance company to do business in this State, it must file with the commissioner a resolution adopted by its board of directors, consenting that the service of process upon any agent of such company in this State or upon the Commissioner of Insurance of this State, in an action brought or pending in this State, shall be a valid service upon said company; and if process is served upon the Commissioner, it shall be his duty to at once send it by mail, addressed to the company at its principal office."

But section 641 contains this provision:

"The provisions of this chapter or article shall not apply to secret or fraternal societies, lodges or councils, which are under the supervision of a grand or supreme body, and secure members through the lodge system exclusively, and pay no commission nor employ any agents,

except in the organization of and supervision of the work of local subordinate lodges or councils.''

The allegations of the petition bring the corporation directly within the provisions of section 641. In the case of the Golden Cross v. Hughes, 114 Ky., 180, we had before us the proper construction of this section, and after quoting the statute, we said:

''The exemption in this article only refers to those general provisions regulating insurance companies found in subdivision 1 of the insurance law.''

Section 631 is a part of subdivision 1 of the insurance law, and as no part of this subdivision is applicable to a fraternal order which is under the supervision of a supreme body and secures members through the lodge system exclusively, pays no commission and employs no agents except in the organization and supervision of the work of local subordinate lodges, it necessarily follows that service of process may not be had on the Insurance Commissioner under section 631, Ky. Statutes, for one of these fraternal orders. There being no authority of law for the service of process on the Insurance Commissioner for the corporation here sued, it was not brought before the court by the execution of the process on him.

It remains to be considered whether the service of process on Woodruff was valid. Section 571, Ky. Statutes, provides:

''All corporations except foreign insurance companies formed under the laws of this or any other State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State, until it shall have filed in the office of the Secretary of State a statement signed by its president or secretary, giving the location of its office or officers in this State, and the name or names of its agent or agents thereat upon whom process can be served; and when any change is made in the location of its office or offices, or in its agent or agents, it shall at once file with the Secretary of State a statement of such change; and the former agent shall remain agent for the purpose of service until statement of appointment of the new agent is filed.''

Although the American Patriots is not a foreign insurance company within the meaning of the statute, it is a corporation formed under the laws of another State,

and carrying on business in this State. It was required to file in the Secretary of State's office a statement giving the name of its agent upon whom process might be served and the agent thus designated remained the agent for the purpose of service until a statement showing the appointment of a new agent was filed. We are informed in the brief for appellee that the American Patriots had by a statement filed in the Secretary of State's office, designated Woodruff as its agent upon whom process might be served, but there is nothing in the record to show this. It is also insisted that the petition is bad because it does not show who was the agent of the company upon whom process might be served. But the rule that a plea in abatement must be sufficient to give the plaintiff a better writ, has no application to a case like this. The plaintiff is simply seeking a new trial on the ground that it was prevented from appearing by casualty or misfortune. The granting of a new trial will be an entry of its appearance and the plaintiff will need no further writ. Although Woodruff may have been at some previous time an agent of the corporation, still if he was not its agent at the time the process was served, the service on him was invalid unless the company had in its statement filed in the Secretary of State's office, designated him as the person on whom process might be served; for in that event under the statute he continued its agent for that purpose until it filed another statement giving the name of another agent on whom process might be served. These matters have not been pleaded and they cannot be tried upon a demurrer to the petition, which shows none of the facts. On the face of the petition, the service of the process on Woodruff was invalid, as he was not the agent of the company at the time the process was served on him.

There having been no valid service of process under the allegations of the petition, the defendant was not before the court when the judgment was rendered. In Commonwealth v. Weissinger, Judge, 143 Ky., 368, we had before us the construction of section 518 of the Code, regulating applications for new trials by petition in cases like this, and we there held that whenever a party is prevented by fraud, casualty or misfortune from presenting his claim or defense, he may have relief under that section unless the right thereto is denied by express statute or necessary implication.

The demurrer to the petition should have been overruled.

Judgment reversed and causes remanded for further proceedings consistent herewith.