## Kidd v. B. Perini & Sons, Inc.

June 23, 1950.

Rehearing denied November 10, 1950.

Watt M. Prichard, Judge.

728

E. Poe Harris and Dysard & Dysard for appellant.

MORRIS, COMMISSIONER—Affirming.

Appeal is from a judgment setting aside a default judgment rendered in favor of appellant against appellee, a Massachusetts Corporation, with its chief office in Boston; appellant is apparently a resident of Boyd County. Appellee at the time of the alleged contract was engaged in the mining of coal and appellant in the trucking business. In his petition, filed in September 1948, appellant alleged that either in August or September 1947 he and the Company entered into an oral agreement whereby appellant was to truck coal from various mining operations of the Company to railroad stations. Under the contract appellant was to be paid certain sums per ton for coal hauled, varying according to distances. It was alleged that there was a minimum guarantee of employment of the trucks for a number of days in each month. His petition sought to recover $26,526.09. Of this sum about $4,730 was the balance due on coal which was actually hauled; the remainder was sought to be recovered under the minimum haulage agreement.

Summons was issued and served on Anthony Barboza in Perry County. No answer was filed, with the result that on November 12, 1948, a default judgment was entered against the Company for the amount above named for which appellant was to have an execution. The record does not show that execution issued. Shortly after entry of the judgment appellee filed its petition in equity seeking to have the judgment vacated and to be allowed a new trial. The petition recited in sub-

stance the facts stated above, and as a part thereof, in a tendered answer, denied the material allegations of Kidd's petition and affirmatively set up what the trial court apparently considered to be a fair defense, which if substantiated by sufficient proof would defeat appellant's claims.

A pertinent part of the petition and tendered answer is substantially to the effect that through some inexplainable oversight, accident or mistake, Anthony Barboza was never notified that he had been designated process agent for B. Perini and Sons, and that because of accident, misfortune or unavoidable casualty it had failed to answer. It was alleged that when process was served on Barboza he thought it had to do with some employee at Hazard, and he then wrote the attorney for J. T. Kidd that there was some mistake "about this;" that he received no reply to his letter, leaving Barboza, who was a citizen of Massachusetts, and not a lawyer, under the impression that it was a mistake, and for that reason no report was made to the Company. It was alleged that the Company had no knowledge of the suit until some time after rendition of judgment.

Appellant filed and stood upon general demurrer to the petition. Upon submission the chancellor adjudged the Company's answer sufficient and it was ordered filed; the judgment was set aside and a new trial granted; objection was made, exception taken and appeal granted.

Appellant in brief contends: (1) That the matters alleged in Perini's answer do not constitute unavoidable casualty as contemplated by Sec. 518(7) of the Civil Code of Practice; (2) that the claims set up in Kidd's petition were sufficiently liquidated in their nature to warrant a judgment by default without introduction by proof, and (3) the petition alleged sufficient facts to constitute a cause of action. While briefs discuss points (2) and (3) to some extent, we think point (1) states the chief question which we are to consider, though points (2) and (3) open the door for a wider dis ussion. On point (1) we are furnished with briefs citing numerous cases involving the question as to what constitutes such a misfortune, casualty, oversight, or mistake as will excuse the failure of a defendent to appear or defend in due time.

To take up each case cited by counsel for the respective parties, and to undertake to distinguish or reconcile them would necessitate an opinion of too great a length. For instance, if we take the first two cases cited by appellant the answer would be that his point (1) is well taken, and that the court was in error in vacating the judgment but for a slight distinction. The first is Metropolitan Life Ins. Co. v. Ditto, 207 Ky. 434, 269 S.W.2d 527. There summons was served on a local agent who knew that he was such. We held that due to negligence of the agent in not notifying his principal there was no casualty or misfortune. Here Barboza did not know that he had been designated agent, and the record fails to show in what capacity he was serving his principal.

In the second case, Reese Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723, 161 S.W. 1124, the service was upon the regularly designated agent of the defendant who failed to notify his principal of the pending of the suit. The opinion does not indicate that the agent was unaware of his designation. In other cases cited by appellant, in which we have held that the failure to answer or plead was due to neglect or ignorance, the facts upon which we upheld default judgment differ to such an extent as to make the cases of little help.

Other cases are cited and all serve to exemplify what we said in Louisville & N. R. Co. v. Bickle et al., 30 S.W. 600, 601, 17 Ky.Law Rep. 108. "No rule can be laid down by which can be determined the character of the accident and surprises that will justify the courts in granting new trials. The facts of each case must determine the matter." This was said in considering the question of a new trial under Sec. 340(3), Civil Code of practice. In Byron v. Evans, 263 Ky. 49, 91 S.W.2d 548, we suggested a distinction between the provisions of that section and 518(7) of the Civil Code of Practice. We said that the former, which used the terms "accident" and "surprise" which ordinary prudence could not have guarded against, was broader than the language of 518(7) which justifies a new trial when the defendant is prevented from appearing or defending by reason of unavoidable casualty or misfortune.

Counsel for appellee contending that the allegations of the petition as to casualty were sufficient to justify the trial court in concluding that the judgment should be vacated, does not cite many cases in which the facts are fully stated upon which the trial court or this court based conclusions. One case in point is Chicago Life Insurance Co. v. Robertson, 147 Ky. 61, 143 S.W. 740, in which we held that casualty or misfortune exists when the defendant had no notice of the pending suit in which default judgment was rendered; there process was served on the Insurance Commissioner (agent designated by the statute) who failed to notify the defendant. Another to like effect is American Patriots v. Kinkead, 144 Ky. 662, 139 S.W. 834.

Appellee places emphasis and reliance on two well established principles of law and equity. One being that courts should and do endeavor to give a litigant his day in court, particularly where it is made manifest that he has a substantial cause or defense, and prevented by unavoidable casualty or misfortune from acting. Chicago Life Ins. Co. v. Robertson, 147 Ky. 61, 67, 143 S.W. 740; Rosen et al. v. Galizio, 184 Ky. 367, 212 S.W. 104; Com. v. Weissinger, 143 Ky. 368, 136 S.W. 875, 877. In McCall v. Hitchcock, 9 Bush 66, 72 Ky. 66, 71, we said: "It is the general principle of practice that when a party or his counsel is taken by surprise, either through fraud or accident on a material point, or under circumstances which could not reasonably have been anticipated, and when want of skill, care or attention cannot be justly imputed, and injustice has been done, a new trial will be granted." See to the same effect Thompson et al. v. First Nat. Bank's Receiver, 183 Ky. 69, 208 S.W. 320, 321.

In referring to Sec. 518(7) Civil Code of Practice, in Com. v. Weissinger, 143 Ky. 363, 136 S.W. 875, 877, we said the provision "was intended to and does furnish a remedy whereby injustice and wrong may be prevented in * * * a judicial or other proceeding pending in court, and we want to make it broad enough to embrace every state of case in which injustice would be done except for the remedy which it affords."

The other rule is that courts "possess and exercise a very large discretion in vacating judgment by default

for the purpose of permitting defense to be made on the merits.'' Freeman on Judgments, 42 Ed. p. 934. We expressed the rule in Wilson v. Rockcastle Mining, Lumber & Oil Co., 200 Ky. 484, 255 S.W. 88, 90, in the following language: ''In granting and refusing new trials, trial courts have a broad discretion, which will not be interfered with, except in case of abuse, and this court is less inclined to set aside a judgment granting than one refusing a new trial.''

So, the question here is whether or not the chancellor abused a vested discretion when he granted a new trial. In reaching his conclusion, and in exercising his discretion, he, of course, had to consider the allegations of the petition as to casualty or misfortune, and whether or not Barboza's failure to notify the appellee of the pending of the action was unavoidable. In considering this the chancellor could reasonably conclude from the facts stated that there was an unavoidable mistake, at least a misunderstanding which might have been corrected. Not only this, but in exercising discretion he had to consider, perhaps, first whether or not the tendered answer presented a valid defense. He could have considered, and from arguments advanced, no doubt did consider whether or not the petition of Kidd, relating to an unliquidated claim, was or was not sufficient to support a default judgment without proof, on which point respective counsel do not agree. Without further endeavor to digest, distinguish or reconcile the many cases cited by both counsel, which have been fairly appraised, we reach the conclusion that we must give consideration to the chancellor's finding and hold that he did not abuse his discretion in granting a new trial.

Judgment affirmed.

Judge LATIMER dissenting.