### STROTHER et al. v. DAY et al.

Court of Appeals of Kentucky.
March 14, 1952.

Rehearing Denied May 16, 1952.

Frank S. Ginocchio, Lexington, for appellants.

John L. Vest, Walton, for appellees.

STANLEY, Commissioner.

The heirs of the late Miss Mary Ellen Flynn, and Sam P. Strother, who had qualified as executor of a will of Miss Flynn probated in the Fayette County Court, filed the petition against Herbert R. and Amelia Day to set aside a contract to transfer to the defendants her personal estate and to cancel a deed to land in Boone County, both instruments having been executed four days before Miss Flynn's death. The stated consideration is her care and maintenance. It is alleged that the heirs, as beneficiaries, had agreed among themselves that

the estate should be administered under the will but distributed as if Miss Flynn had died intestate.

The defendants filed a pleading styled, "Special Demurrer and Answer" in which they denied the capacity of the plaintiffs to maintain the suit, specifically alleging in substance (1) that the judgment of the Fayette County Court probating her will and qualifying Mr. Strother as executor was void for want of jurisdiction because the decedent was a citizen of Boone County, and (2) that the Boone County Court had probated a later will and appointed James R. Flynn as administrator with will annexed, who had qualified as such but had died and no one else had been appointed. Neither will was set out but the pleading incorporated a clause from the Fayette County will which directed the executor to convert testatrix' entire estate into cash and authorized him to sell her land. The pleading was filed August 10, 1949. At the next term, on December 14, the court sustained the defendants' motion to submit the case on the pleadings and rendered judgment dismissing the petition because there had been no responsive pleading to the special demurrer and answer.

At the same December term the plaintiffs moved to vacate the judgment as having been prematurely rendered without notice and without adequate opportunity to be heard. The motion and a tendered reply set forth allegations substantially constituting an attack upon the defense which had been pleaded. In the order overruling this motion to vacate the judgment, the court made a part of the record a letter presented during the argument which had been written by one of the defendants' attorneys to the plaintiffs' attorney in Lexington on August 12, 1949 (two days after the special demurrer and answer was filed). It advised that the court had expressed a preference that the evidence on the question of fact raised by the answer as to the jurisdiction of the Fayette County Court to probate the first will and qualify the executor should be presented orally by the witnesses except those whose presence might be hard to procure. Further, that the court had "asked me to write you and state his preference in the matter and see if we could find some method of procedure agreeable to both of us." The letter further said, "Inasmuch as I am on the ground and you are away from home, I suggest that you offer some method that you consider appropriate." The order overruling the motion recites that during the argument the plaintiffs' attorney admitted he had received the letter and had not answered it or made any effort to obtain a copy of the pleading.

The two pleadings filed present some contradictions in the respective affirmative allegations of fact and of law which raise a doubt as to the propriety of sustaining the special demurrer to the petition, but we need not decide that point definitely. It seems to us that the court should have vacated the default judgment upon the plaintiffs' motion. It is familiar law that default judgments are not looked upon with favor if the party against whom they go was in any way thrown off guard or misled and shows at the same term of court that he has a meritorious defense. Vanover v. Ashley, 298 Ky. 722, 183 S.W.2d 944; Kidd v. B. Perini & Sons, 313 Ky. 727, 233 S.W.2d 255. The power of a court to set aside a default judgment is not controlled by the Code provisions relating to the granting of a new trial, but the interpretation of Sec. 340, paragraph 3 of the Civil Code of Practice and other provisions relating to the granting of a new trial, is that they embrace "leading astray, throwing off guard, or lulling to security and inaction, be the intention or motive good or bad, with a resultant advantage to the one and an apparent injustice to the other." Johnson v. Gernert Bros. Lumber Co., 255 Ky. 734, 75 S.W.2d 357, 358. It is held in that case that if before a judgment was rendered the prevailing party or his attorney "said or did anything that put his adversary off guard, or prevented him from defending the action, and he shows that he had a prima facie valid defense, he is entitled to relief from the judgment. This is on the idea that such conduct operated as a fraud upon his rights. There has been a firm adhesion to this precept."

The defendants' attorney had advised his adversary that the case was not submitted in order that they should agree upon the method of presenting the evidence. This was calculated to lead counsel into relying on the assurance, implied if not actually expressed, that the case would not be submitted at least until the procedure had been agreed upon or directed by the court. It undoubtedly threw him off guard.

We think the court erred in failing to set aside the default judgment and permitting the case to be opened for development on its merits.

Judgment reversed for consistent proceeding.