COMMONWEALTH of Kentucky, DE-PARTMENT OF ALCOHOLIC BEV-ERAGE CONTROL, Appellant,

v.

Rodney MATTINGLY, Appellee.

No. 2001–CA–001540–MR.

Court of Appeals of Kentucky.

Nov. 1, 2002.

Rebecca W. Goodman, Frankfort, KY, for appellant.

John L. Smith, John H. Harralson, III, Louisville, KY, for appellee.

Before COMBS; GUIDUGLI, and SCHRODER, Judges.

## OPINION AND ORDER

SCHRODER, Judge.

The Department of Alcoholic Beverage Control, in its posture as a victim, appeals an order of expungement in a criminal case which the Department caused to be initiated against its former employee, Rodney Mattingly. We opine that only the Attorney General has standing to appeal. Hence, we dismiss the alleged victim's appeal.

Appellee, Rodney Mattingly, was employed by appellant, the Department of Alcoholic Beverage Control ("ABC") as an investigator. Mattingly was terminated from the ABC in 1998 due to alleged crimi-

nal behavior related to his duties as an ABC investigator. As a result of this alleged conduct, Mattingly was indicted by the Marion County Grand Jury for bribery of a public servant. Mattingly appealed his termination from the ABC to the Commonwealth of Kentucky Personnel Board. An agreement was reached between the ABC, Mattingly, and the Marion County Commonwealth Attorney to resolve both the criminal and personnel actions, whereby Mattingly agreed to withdraw his appeal to the Personnel Board and the ABC agreed to the Commonwealth's dismissal of the indictment. Both actions were subsequently dismissed as agreed.

Thereafter, Mattingly moved, pursuant to KRS 431.076, to expunge all records in the aforementioned criminal case. In an order dated May 21, 2001, and entered May 23, 2001, the Marion Circuit Court granted Mattingly's motion. On June 4, 2001, the ABC filed a "Motion of Victim to Set Aside Order of Expungement," in support of which the ABC stated that it had not received notice of Mattingly's motion, which it would have opposed. A hearing was held on the ABC's motion to set aside on June 18, 2001. On July 9, 2001, the court entered an order denying the ABC's motion. ABC appeals from the May 23, 2001, and July 9, 2001, orders.

Initially, Mattingly did not contest standing when the trial court considered the "Motion of Victim to Set Aside Order of Expungement," and ABC contends it has been waived. However, we cannot ignore such an obvious error and shall consider the error per CR 61.02.

ABC contends that it has standing to bring this appeal because it is a party and a victim, with a personal stake in the outcome of the controversy. KRS 431.076 provides for notification of the Commonwealth Attorney (or county attorney) of a motion for expungement. The statute

does not require that a victim be given notice. Therefore, per the statute, the Commonwealth Attorney represents the state's interest, and it follows that another agency or person who has an interest must therefore go through the Commonwealth Attorney. Accordingly, in the present case, only the Commonwealth Attorney would have standing to challenge the expungement order in the trial court. KRS 15.020 requires that appeals from criminal or penal actions be sought by the Attorney General. Therefore only the Attorney General has standing to appeal to this Court. *Sims v. Commonwealth,* 116 Ky. 1, 74 S.W. 1097 (1903).

ABC additionally contends that because the criminal action was initiated by the Commonwealth of Kentucky, that the · ABC, as a department of the Commonwealth, is a party and entitled to pursue an appeal. This argument must also fail under KRS 15.020 which specifically states, in pertinent part "[t]he Attorney General is the chief law officer of the Commonwealth of Kentucky and all of its departments," and "[h]e shall appear for the Commonwealth in all cases in the Supreme Court or Court of Appeals wherein the Commonwealth is interested, . . ."

For the aforementioned reasons, the appeal of the Department of Alcoholic Beverage Control is dismissed.

ALL CONCUR.