## Chicago Life Insurance Company v. Robertson.

(Decided February 22, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Judgment—Action to Set Aside—Insurance Commissioner—Service of Summons—Notice.—In an action by an insurance com-

pany to set aside a default judgment rendered against it on the ground that the Insurance Commissioner failed to notify it of the pendency of the suit; that prior to the institution of the action it had ceased to do business in this State, and notified the Commissioner that it had withdrawn from the State. Held, the petition stated a good cause of action and the demurrer to it should have been overruled.

2.  Same—The failure of the Insurance Commissioner to notify the company of the pendency of the suit was such "unavoidable casualty or misfortune" as entitled the company to a new trial.

3.  Same—Service of Process—When Complete.—Service of process is not completed by the mere delivery to the commissioner of a copy, but it is complete only when he has sent the summons by mail to the company at its principal office.

4.  Same—Provision of Statute.—The statute requiring that the copy of the summons served upon the commissioner should be promptly forwarded by mail to the principal office of the company is mandatory, and if it is not complied with the service is not good.

5.  New Trial.—A litigant is entitled, upon proper application, as provided by the Code to have a new trial granted to him when it is made to appear that, having a good defense to an action, he is prevented by unavoidable casualty or misfortune from attending the trial and presenting his defense.

BURTON VANCE and JAMES R. DUFFIN for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Lloyd W. Robertson instituted a suit in the Jefferson Circuit Court against the Chicago Life Insurance Company, wherein he sought to recover the sum of $2,538.19, as commissions earned under an agency contract with the defendant company. On March 11, 1908, a summons was issued, addressed to the sheriff of Franklin County, and was executed by said officer by delivering a copy thereof to C. W. Bell, Insurance Commissioner, the return on said execution being as follows: "Executed on the Chicago Life Insurance Company by delivering a copy thereof to C. W. Bell, Insurance Commissioner of Kentucky, this March 14, 1908." On April 28, 1908, a default judgment was entered in favor of plaintiff for the amount sued for.

The defendant did not learn of the pendency of this suit and the entry of said default judgment until after the lapse of some time. In August, 1909, it instituted a suit in the Jefferson Circuit Court in which it sought to

have the judgment set aside, on the ground of unavoidable casualty, brought about because the Insurance Commissioner had failed to notify it of the pendency of said suit. It set up in said petition the fact that in October, 1906, it had ceased to do business in Kentucky, and had notified the Insurance Commissioner that it had withdrawn from the State, and that thereafter no service should be had upon him under the statutes in suits brought against it in this State; that at the time the suit was instituted and said summons served on the commissioner, he failed to notify it of the pendency of this action, and that it had no notice whatever of it until more than four months after the entry of the default judgment. In the second paragraph of its answer it set up a good and sufficient defense, if true, to plaintiff's right to recover anything. In the original petition it is alleged that the commissioner failed to notify it of the pendency of said suit because he was of opinion that, on account of the notice which this company had given to him, he was no longer the agent of the company for the purpose of service. In an amended petition this allegation was withdrawn, and it was charged that by neglect or oversight the commissioner had failed to notify it of the pendency of said action. A demurrer was sustained to this petition as amended, and the company appeals.

The sole question for determination is, was the failure of the commissioner to notify the company of the pendency of the suit such "unavoidable casualty or misfortune" as entitled the company to a new trial. It is the policy of the law that a litigant should have his day in court, and in order to do so he must be given an opportunity for one fair trial. Cases not infrequently arise where, although regularly notified of the nature and pendency of the suit, a litigant is, by unavoidable casualty or misfortune, prevented from appearing and defending the suit, although he has a good and valid defense. In order that injustice might not be done, subsection 7 of section 518 of the Code was adopted for the purpose of affording relief in cases of this character. It is essential that the person seeking such relief set out in his verified petition the defense which he has to said suit and the facts showing the unavoidable casualty or misfortune relied upon.

The company in this case has complied with the requirements of the Code and insist that, if a case could

possibly be presented which would justify the granting of the relief sought, it has made out such a case, for it is charged, and the demurrer admits the truth thereof, that although the summons was regularly served upon the Insurance Commissioner, he failed to notify the company that it had been done, and, in consequence of such failure, the company was in total ignorance that it was being proceeded against until some four months had elapsed and the trial court had lost control over its judgment.

Appellee contends that the statute authorizing a service upon the Commissioner of Insurance in cases where foreign insurance companies are proceeded against in this State makes the Insurance Commissioner the agent of the company for the purposes of such service, and that, therefore, the company will not now be heard to state that it had no notice of the pendency of the suit, although it in fact had none. The lower court evidently took this view.

Cases involving the right of a litigant to relief upon this ground have frequently been before this court. In French v. Eversole, 17 Rep., 617, a new trial was granted upon the ground of unavoidable casualty, the applicant showing that, at the time the judgment was rendered, he lived in another county and was so sick that he could not attend court, and that he had a good defense to the action.

In Cooley v. Barbourville Land & Investment Co.'s Assignee, 19 Rep., 1454, a new trial was awarded on the ground of unavoidable casualty or misfortune upon the following state of facts: The civil docket had become disarranged by reason of the trial of criminal cases, and during the temporary absence of the defendant's attorney from the court room his case was called and judgment entered against him. He did not discover this fact until five or six days after the entry had been made. He sought a new trial upon the ground relied on by appellant in this case. The lower court denied him the relief; but upon appeal here is was held that he was entitled to it.

In Vittetow v. Ames & Co., 21 Rep., 225, it was held that a new trial should have been granted where a litigant was prevented from being in the court room by his lawyer's telling him that the case which was then on trial would consume some time and that his case could

not possibly be reached that day; that, relying on this statement, he left the room, and he and his witnesses were absent when the case on trial was suddenly terminated. His case was called and, in his absence and the absence of his chief witness, judgment went against him. It was apparent to the court, from an inspection of the record, that the judgment was wrong, and, as the petition showed the applicant had a good defense to the suit, a new trial was awarded him on the ground of accident or surprise.

In Snelling's Admr. v. Lewis, 25 Rep., 1856, it appeared that the defendant lived some sixty miles from the court house. He had employed an attorney whom he relied upon to present him in the suit and advise him when his presence was required. This attorney had died; and another attorney whom he had consulted was sick at the time. When the case was called he was not represented, and judgment went against him. Upon consideration here it was held that he was entitled to a new trial on the ground of unavoidable casualty or misfortune.

Numerous other cases might be cited where the rulings of this court are in accord with its view as expressed in the opinions from which we have quoted, one of the latest of which is Commonwealth v. Weisinger, Judge, 143 Ky., 368; there the reason for the application of the rule as announced in the foregoing opinions is fully gone into, the court saying:

"We are of the opinion that in every action or proceeding pending in a court of justice * * * if either party is prevented by fraud, casualty or misfortune from presenting his claim or defense * * * he may have relief under section 518 of the Code, unless the right to secure relief under this section is denied by express statute or necessary implication. It can not be tolerated that by the judgment of a court of justice a party who is without fault and who has not been guilty of laches, shall by fraud, casualty or misfortune be denied the privilege to assert his claim or defense or the opportunity to prosecute an appeal from a judgment against him. Section 518 of the Code was intended to and does furnish a remedy whereby injustice and wrong may be prevented in the course of a judicial or other proceeding pending in court, and we want to make it broad enough to embrace every state of case in which in-

justice would be done except for the remedy which it affords."

Undoubtedly appellant is entitled to the relief sought, unless the contention of counsel for appellee, that the Insurance Commissioner is the agent of the Insurance Company, and that it is bound by the service upon him, whether notice of this fact is communicated to the company by him or not, is sound. The section of the statutes (631) authorizing the service upon the Insurance Commissioners, reads as follows:

"Before authority is granted to any foreign insurance company to do business in this State, it must file with the Commissioner a resolution adopted by its board of directors, consenting that service of process upon the Commissioner of Insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company; and if process is served upon the Commissioner it shall be his duty to at once send it by mail addressed to the company at its principal office."

It will be observed that the service of process is not completed by the mere delivery to the commissioner of the copy, but it is completed only when he has at once sent the summons by mail to the company at its principal office. The insurance company being a non-resident of the State, it could do no possible good to serve a summons upon the Insurance Commissioner unless the fact that it had been done was in some way communicated to the company. To so hold would be to open up the way to all manner of fraud and imposition upon insurance companies. Such companies are not required to agree that the Insurance Commissioner may be their agent for the purpose of service in any event, but only under such terms as the statute imposes, to-wit, that the duty is at once enjoined upon such officer to notify the company by forwarding the copy of the summons served upon him to it. In other words, the machinery of the law for the purpose of serving process upon a foreign insurance company calls into play the active duty of two officials. First, the sheriff of the county must serve a copy of the summons upon the Insurance Commissioner; and second, the Insurance Commissioner must at once forward by mail to such company at its principal office a copy of the summons. The law is not complied with by service merely upon the Insurance Commissioner. Ordinarily it is presumed that the Commissioner will

do his duty, but when it is made to appear that he has failed in its discharge, and that the company has received no notice of the pendency of the suit, it would be a denial of substantial justice to hold that it was not entitled to a new trial under such circumstances. The Commissioner of Insurance is not the agent of the company in any sense in which the word "agent" is usually and generally applied. He has no power to accept service of summons, but is merely made a part of the machinery of the law by which process is served. All foreign insurance companies are required to conform to certain rules and regulations, prescribed by statute, before they can do business in this State. One of these is that it shall consent to the service of process upon the Insurance Commissioner; but it is not provided that such service shall be binding until it has been promptly forwarded through the mail by him to the company at its principal office. When a company enters this State for the transaction of business, it has a right to presume that in all cases where it is proceeded against the commissioner will promptly forward to it, as required by statute, the summons served upon him, and it is manifest, or, at least, may fairly be presumed, that no foreign company would enter the State for the purpose of transacting business if it understood that it might be proceeded against and summons served upon the commissioner and it have no notice of such proceeding. The statute requiring that the copy of the summons served upon the commissioner should be promptly forwarded by mail to the principal office of the company is mandatory, and if it is not complied with the service is not good.

The demurrer admits that the commissioner failed in the discharge of this duty imposed upon him by the statute. The purpose of the service of process is to acquaint the party sued or proceeded against with the pendency of the proceeding, and no service that falls short of this complies with the requirements of the law. The ends of justice are not subserved unless the party proceeded against is advised of the pendency of the litigation by the service. Measured by this test, the appellant in this case was not served at all. It had no notice of the proceeding, it did not know of the pendency of the litigation, and it did not discover same until the lower court had lost control over the judgment. The State had a perfect right to provide how service may be had upon

foreign corporations seeking to do business in this State, and may require that such corporations consent that service may be had in such prescribed mode before it can enter this State. But the State may not impose, and has not attempted to impose, conditions which would enable a litigant to proceed against a foreign corporation without bringing home to it knowledge of the pendency of the proceeding. Such was not the purpose of the statute. On the contrary, its aim was merely to provide a uniform rule for the service of process upon foreign corporations—an easy, uniform method of bringing notice to them that they were proceeded against. The plan so adopted by the State must be reasonable and so interpreted as to accomplish the end desired.

This principle was recognized by the Supreme Court of the United States in the case of St. Clare v. Cox, 106 U. S., 350, where, speaking through Justice Field, the court said:

"The State may impose as a condition upon which a foreign corporation shall be permitted to do business within her limits, that it shall stipulate that, in any litigation arising out of its transactions in the State, it will accept as sufficient the service of process on its agents or persons specially designated; and the condition would be eminently fit and just. * * * Such condition must not, however, encroach upon that principle of natural justice which requires notice of a suit to a party before he can be bound by it."

If there was omitted from our statute the requirement that the commissioner should promptly forward the process so served upon him by mail to the company at its principal office, the statute could be justly termed unreasonable, in that it would be an encroachment upon that natural principle of justice, referred to in the opinion from which we have just quoted, requiring that the party proceeded against by suit should have notice thereof.

Some authorities are cited from other States by appellee, which, it is insisted, support a contrary rule; but, after a careful consideration of the opinions in the cases relied upon, we conclude that they are not in conflict with the well-recognized and established rule in this State, that where it is made plainly to appear that a litigant, having a good defense to a cause of action, is prevented by unavoidable casualty or misfortune from attending the trial and presenting such defense, he is entitled upon

proper application, as provided for by the Code, to have a new trial granted him.

. The petition stated a good cause of action, and the demurrer should have been overruled. Judgment reversed and cause remanded for further proceedings consistent herewith.