William Scott FERGUSON, Appellant,

v.

Eva P. FERGUSON, Administratrix of the Estate of William O. Ferguson, Deceased, Appellee.

Court of Appeals of Kentucky.

Sept. 26, 1980.

Discretionary Review Denied Feb. 13, 1981.

John F. Lackey, Richmond, for appellant.

John D. Sword, Richmond, for appellee.

Before COOPER, LESTER and WINTERSHEIMER, JJ.

COOPER, Judge.

This is an appeal from an order of the circuit court affirming the district court's appointment of the appellee as administratrix of the estate of William O. Ferguson. The issue presented herein is whether the circuit court erred, as a matter of law, in determining that such appointment was valid under KRS 395.040(1), and not subject to collateral attack either by the district court or by the appellant. KRS 403.120(2). On review, we uphold the judgment of the circuit court.

The decedent, William O. Ferguson, died intestate in June of 1979. He was survived by his only child, William Scott Ferguson, appellant herein, and the appellee, Eva P. Ferguson. The decedent had married the appellee on September 20, 1969, some six days prior to the entry of a final divorce decree entered in an action between the deceased and the appellant's mother, Ilene N. Ferguson, on September 26, 1969. The decedent and the appellee lived together as man and wife until his death. Subsequent thereto, both the appellant and the appellee petitioned the Madison District Court to be appointed administrator or administratrix. The appellee claimed priority on the basis of KRS 395.040(1). The appellant, citing KRS 402.020(3), contested the appellee's claim, alleging that her marriage to the decedent was void ab initio. Notwithstanding the appellant's objection to the appellee's appointment, the district court entered a final order on July 27, 1979, appointing her as administratrix. He subsequently perfected an appeal from the district court to the circuit court on August 8, 1979. The circuit court, relying on the language of KRS 403.-120(2), determined that the appellant had no standing to contest the appointment of the appellee, and upheld the order of the district court. It is from this judgment that the appellant now appeals.

The appellant's argument is two-fold: the marriage entered into between his father and the appellee was bigamous, and therefore void rather than voidable, KRS 402.020(2); and, as the appellee had no standing to apply to the district court as personal representative of the decedent's estate, such appointment should have been made to him. We reject this argument. KRS 403.120, which delineates when and under what circumstances a court may invalidate a marriage, states, in part, as follows:

403.120. Marriage—Court may declare invalid.—

(1) The circuit court shall enter its decree declaring the invalidity of a marriage entered into under the following circumstances:

.     .     .     .     .

(c) The marriage is prohibited.

(2) A declaration of invalidity under paragraph (a), (b) or (c) of subsection (1) may be sought by any of the following persons and must be commenced within the times specified, but only for the causes set out in paragraph (a) may a declaration of invalidity be sought after the death of either party to the marriage:

.     .     .     .     .

(b) For the reason set forth in paragraph (c) of subsection (1), by either party no later than one (1) year after the petitioner obtained knowledge of the described condition.

Under KRS 403.120(2), if a marriage is prohibited (1)(c), a declaration of invalidity can be obtained only by one of the parties, and then only within one year after obtaining knowledge of the prohibitive condition (2)(b). Under KRS 402.020(2), a bigamous marriage is prohibited and void. Cf. KRS 403.120(1)(c).

Clearly, it is within the power of the legislature to enact statutes governing both marriage and the invalidation of certain marriages. Enacted in 1972, KRS 403.120 was in effect seven years before the decedent's death. Furthermore, the enactment of KRS 403.120 represented a conscious recognition on the part of the legislature that a previous policy of allowing a collateral attack on marriages created unfair, economic penalties for the surviving spouse. *See* Petrilli, *Family Law*, §§ 10.2–10.7 (1977 Supplement). In effect, the legislature determined that the only effect of invalidating marriages such as that between the decedent and the appellee would be to create unexpected hardship for the appellee by denying her her dower rights, as well as her expectations of social security and other benefits. *See Uniform Marriage and Divorce Act*, (U.L.A.), Commissioners Prefatory Note, p. 92 in § 208, p. 113.

Appellant argues, by way of implication, that the legislative intent underlying KRS 403.120 was not to prevent a collateral attack on a bigamous marriage in that such a marriage is not only prohibited, but prohibited and void. KRS 402.020. In effect, he argues that such a bigamous marriage is void ab initio, and therefore subject to collateral attack at any time by any person. Petrilli, *Family Law*, § 10.4, at p. 76. To the appellant, the absence of the words "and void" in KRS 403.120(1)(c) expresses clear intent on the legislature's part to differentiate between marriages which are merely prohibited and those which are prohibited and void. As such, he argues that the provisions of KRS 403.120 apply primarily to incestuous marriages as described in KRS 402.010. We reject this argument as one of form over substance. KRS 402.010(2) characterizes incestuous marriages as prohibited and void. Although KRS 403.120(1)(c) refers merely to marriages which are prohibited, we believe that the clear legislative intent was to encompass marriages which are prohibited and void, such as that entered into between the decedent and the appellee. Given the language of KRS 403.120, we believe that

the circuit court acted correctly in affirming the order of the district court.

The judgment is affirmed.

All concur.