Paul MATHEWS; Rick Mathews; Susan Buckner; Tina Dietemann; and Cathie Miller, Appellants,

v.

Margarette Hoskins MATHEWS; and Floyd E. Hoskins, Appellees.

Court of Appeals of Kentucky.

June 12, 1987.

Michael Avedisian, Andrew H. Avedisian, Avedisian & Avedisian, Paducah, for appellants.

Gorman Bradley, Jr., Jones and Bradley, Paducah, for appellees.

Before CLAYTON, COOPER and McDONALD, JJ.

McDONALD, Judge:

The appellees, Margarette Mathews and Floyd Hoskins, were married on October 24, 1951. After several years of marriage they separated and in 1979 Margarette filed a petition for dissolution of marriage. Although the parties never resumed their marital relationship they entered an agreed order in the McCracken Circuit Court on October 12, 1984, dismissing the dissolution action. Sometime in 1981 Margarette began cohabiting with Payne W. Mathews. They lived together until his death which occurred on September 8, 1985. Payne was the father of the appellants, Paul Mathews, Rick Mathews, Susan Buckner, Tina Dietemann and Cathie Miller.

Four months before Payne's death, Margarette and Floyd jointly moved the court to reinstate the previously dismissed dissolution action. Although the motion does not refer to CR 60.02, the grounds for relief therein are as follows: "[D]ue to inadvertence, mistake, and misunderstanding, they did not understand that they could request the Court to hold the case in abeyance as opposed to dismissal." The motion, filed June 11, 1985, was sustained that day. The next afternoon the court entered a decree dissolving Margarette's marriage to Floyd and then performed ·the ceremony uniting Margarette and Payne Mathews in marriage.

After Payne's death Margarette petitioned to be appointed the administratrix of his estate. The appellants made a motion in the dissolution action requesting the court to vacate or set aside the decree of dissolution, arguing therein that the court lacked the requisite jurisdiction to dissolve the Hoskins' marriage, the matter having been previously dismissed.

The trial court denied the motion to vacate, ruling that the appellants had no standing to collaterally attack the divorce of the putative widow of their father. The court reasoned that the appellants "did not have a property right affected by the divorce which existed when the divorce decree was entered, nor are they in privity with anyone having such a right."

The sole issue for our consideration in this appeal is whether the appellants have standing to attack the appellees' divorce. We disagree with the conclusions of the trial court and hold that the appellants do have standing in the matter. While it is true that no one has "more than an expectancy or prospect of inheritance during the lifetime of the person from whom inheritance is claimed," *Arciero v. Hager*, Ky., 397 S.W.2d 50, 53 (1965), and heirs have no vested rights until an intestate's death, we do not believe that one necessarily needs to have a legally protected right at the time of the entry of a void decree in order to attack it collaterally at a later time. It is sufficient if at the time of the collateral attack the petitioner has a right which is affected by the judgment and the fact which renders the judgment void, "namely, the lack of jurisdiction in the court to render [it], appears on the face of the record." *Commonwealth v. Jefferson County*, 300 Ky. 514, 189 S.W.2d 604, 606 (1945). Such a judgment, unlike one which is merely erroneous or voidable, is not entitled to any respect or deference by the courts of the Commonwealth but instead is "open to attack anytime and any place." *Grubb v. Wurtland Water District*, Ky., 384 S.W.2d 321 (1964).

It is clear that the appellants, their father having died intestate, had an

interest affected by the judgment at the time of their motion to set aside the dissolution decree. Furthermore, it is apparent, from the face of the record, that the court was without jurisdiction to enter the decree. Jurisdiction to entertain such matters are conferred upon the court by the filing of a verified petition for dissolution. *See* KRS 403.130 and KRS 403.150. There was no such petition, verified or otherwise, filed by the appellees, but a motion to revive the case the parties previously caused to be dismissed. CR 60.02 is not intended as a vehicle to commence an action or to avoid the jurisdictional and/or procedural prerequisites established by our legislature.[1]

Upon remand the appellants will face the issue of whether they have standing to attack the marriage of Margarette to their father. This issue has already been decided by this Court against the appellants' favor in *Ferguson v. Ferguson*, Ky.App., 610 S.W.2d 925 (1980), which interprets KRS 403.120 as to precluding strangers from attacking the validity of a *void* marriage as well as a *prohibited* marriage. Whether the appellants can overcome the effect of that case is not, however, before us in this appeal.

The judgment of the McCracken Circuit Court is reversed and remanded.

COOPER, J., concurs.

CLAYTON, J., dissents and files separate opinion.

CLAYTON, Judge, dissenting.

I respectfully dissent because I think the circuit judge was correct when he reasoned that the appellants "did not have a property right affected by the divorce which existed when the divorce decree was entered, nor are they in privity with anyone having such a right."