**FOREMOST INSURANCE COMPANY, Appellant,**

v.

**Lyndell WHITAKER, Appellee.**

**No. 93–CA–000021–MR.**

Court of Appeals of Kentucky.

Feb. 3, 1995.

Susan D. Phillips and William P. Swain, Boehl, Stopher & Graves, Louisville, for appellant.

Victor E. Tackett, Louisville, for appellee.

Before EMBERTON, JOHNSON and MILLER, JJ.

JOHNSON, Judge:

Foremost Insurance Company (Foremost), a Michigan corporation licensed to do business in Kentucky, appeals from a decision by the Jefferson Circuit Court denying its motion to set aside a default judgment entered against it for $431,930.00 plus pre-judgment and post-judgment interest arising from Foremost's alleged breach of contract. Finding that the trial court lacked personal jurisdiction over Foremost due to insufficient service of process thereby rendering the judgment void, we reverse.

On August 7, 1991, Lyndell Whitaker (Whitaker) sued Foremost in the Jefferson Circuit Court for recovery of commissions allegedly due him for his services as a countersignature agent for Foremost in Kentucky. Because of Foremost's status as a foreign insurer, process was forwarded to the Kentucky Secretary of State for service by certified mail.

At the time the Secretary of State received the service and summons, Foremost had on file with that office a form entitled "Kentucky Designation of Person to Receive Legal Process" designating "John H. Blue, Senior Vice–President of Foremost Insurance Company, 5253–36th Street, S.E., P.O. Box 2450 Grand Rapids, Michigan 49501" as the person to receive lawful process for suits filed against Foremost in Kentucky.

The return of the Secretary of State to the Jefferson Circuit Court indicates that on August 9, 1991, a copy of the summons and complaint was mailed to Foremost addressed as follows:

FOREMOST INSURANCE COMPANY
P.O. Box 2450
Grand Rapids, MI 49501

The process was not directed to the attention of the individual designated to receive it. The return receipt indicates that on August 12, 1991, the documents forwarded by the Secretary of State were signed for by Tom Bridges, discovered later by Foremost to be an employee of a mail delivery service that picked up mail from approximately 15 post office boxes belonging to Foremost for delivery to its offices.

After its apparent receipt by Mr. Bridges, Foremost never acquired possession of the certified letter or its contents, nor did it learn of the pendency of Whitaker's suit. To date, Foremost has not discovered the whereabouts of the process received by Mr. Bridges.

On August 21, 1991, the Secretary of State advised the Jefferson Circuit Clerk of its service of process upon Foremost. That notification was received and recorded by the Clerk on August 22, 1991. Because of Foremost's failure to answer, Whitaker moved for default judgment, which was entered September 11, 1991, 21 days after the Clerk's receipt of the Secretary of State's notification pertaining to the alleged service upon Foremost. After a hearing to determine damages conducted in Foremost's absence, the trial court entered judgment on October 17, 1991, against Foremost in the amount of $381,-930.00 plus $50,000.00 in punitive damages

and prejudgment and post-judgment interest at 12 percent.

Foremost received its first notification of these proceedings in a letter from Whitaker's counsel demanding payment dated October 20, 1992, a period of one year and three days after entry of final judgment. Immediately upon receipt of this letter, Foremost retained counsel and moved to set aside the default judgment. The motion was denied on December 9, 1992, and this appeal followed.

On appeal, Foremost argues that the trial court erred for three reasons. First, Foremost argues that the default judgment is void as a matter of law under CR 60.02(e) in view of the Secretary of State's failure to follow statutory mandates in effecting service of process. Second, Foremost argues alternatively that the judgment is voidable under CR 60.02(f) for other reasons of an extraordinary nature and that the trial court abused its discretion in failing to grant relief. Finally, Foremost argues that the judgment should be set aside because Foremost was denied due process of law. Because Foremost's first contention is dispositive of this appeal, we shall direct our discussion to that argument alone.

CR 55.02 provides: "For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." CR 60.02 provides in relevant part: "On motion, a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: ... (e) the judgment is void...."

The sole question for determination is whether the default judgment entered by the trial court is void because it lacked personal jurisdiction over Foremost due to insufficient service of process as a result of the Secretary of State's failure to adhere to specific statutory procedures in effecting service upon Foremost.

 One of the requirements that a foreign insurer such as Foremost must meet to obtain a certificate of authority from the Commissioner of Insurance to do business in Kentucky is the furnishing of the name and address of the person to whom the Secretary of State should forward lawful process served upon him. KRS 304.3–150(7). As indicated earlier, Foremost had on file with the Secretary of State a form designating John H. Blue, Senior Vice–President, as the person to receive process at Foremost's address.

KRS 304.3–230 designates the Secretary of State as attorney for service of process on foreign insurers. In pertinent part, that statute provides:

(1) Upon issuance of a certificate of authority to do business in this state, the following shall be deemed to have appointed the Secretary of State as their attorney to receive service of lawful process issued against them in this state:

(a) Foreign or alien insurers;

\* \* \* \* \* \*

(5) If the Secretary of State is by law the lawful attorney for service of process, the clerk of the court in which action is brought shall issue a summons against the defendant named in the complaint and shall serve by certified mail, return receipt requested, two (2) true copies of the summons with two (2) attested copies of plaintiff's complaint to the Secretary of State. The Secretary of State shall immediately mail a copy of the summons and complaint to the defendant; if an authorized insurer, *to the person designated pursuant to subsection (7) of KRS 304.3–150....*

(emphasis added).

The statute in unequivocal language required the Secretary of State to mail a copy of the summons and complaint to Foremost's designated agent (Mr. Blue). This he did not do. Rather, the process was generally addressed to "Foremost Insurance Company" at its mailing address.

Whitaker argues on appeal that service by the Secretary of State upon Foremost substantially complied with the requirements of KRS 304.3–230(5) and therefore satisfied the procedural mandate of that statute. We do not agree. In *Chicago Life Insurance Co. v. Robertson*, 147 Ky. 61, 143 S.W. 740 (1912), a case very similar to the one before us, a state statute required a copy of a summons to a foreign insurer served upon the Commissioner of Insurance (as was the practice in that

day) be promptly forwarded by mail to the company. The Commissioner failed to notify the defendant of the pendency of the lawsuit to recover commissions under any agency contract. A default judgment was subsequently entered in favor of the plaintiff. More than a year after entry of the judgment, the defendant learned of it and instituted a separate action to set the judgment aside. The former Court of Appeals concluded that the statute requiring that the summons be forwarded by the Commissioner was mandatory and "if it is not complied with the service is not good." 147 Ky. at 67, 143 S.W. 740.

Likewise, the Secretary of State's failure to mail a copy of the process to Foremost's designated agent as required by KRS 304.3–230(5) rendered the service insufficient. As pointed out by this Court, "[s]ervice of process by registered mail is sufficient to satisfy requirements of due process if *it is accomplished in compliance with the pertinent statutes.*" *Cox v. Rueff Lighting Co.,* Ky. App., 589 S.W.2d 606, 607 (1979) (emphasis added).

The importance of addressing process to a foreign corporation's designated agent is discussed by Bertelsman and Philipps' *Kentucky Practice* in their text related to CR 4.04, which concerns service upon a corporation.

> [T]he question might arise whether service on a corporation or other defendant which is not a natural person, might be had by merely addressing the certified envelope containing the process of the court to the home office of the corporation, rather than to a person specified in CR 4.04(5).... CR 4.04(5) provides that "service shall be made upon a corporation by serving an officer or managing agent thereof." This means that the certified letter should be addressed to the officer or managing agent in the manner prescribed by CR 4.01. *If the interpretation were permitted that the corporation could be validly served by addressing the certified envelope merely in the corporate name to be delivered at the home office, there is too much risk that the process would not find its way into the hands of a responsible person.*

Bertelsman & Philipps, *Kentucky Practice,* Civil Rule 4.04, Vol. 6, p. 34 (4th ed. 1984) (emphasis added).

We conclude that because service upon Foremost by the Secretary of State was insufficient, the default judgment entered by the trial court was void under CR 60.02(e) for want of personal jurisdiction.

Our discussion turns to the manner by which the default judgment is to be set aside under CR 60.02(e). While there is no time limit for a motion to set aside predicated on the judgment being void, the motion must still be made "within a reasonable time...." CR 60.02. Foremost tendered its motion on November 5, 1992, soon after receiving notification of the year-old judgment from Whitaker's counsel's correspondence of October 20, 1992, demanding payment. Under the circumstances, we find that Foremost made its motion within a reasonable time under CR 60.02.

A void judgment is not entitled to any respect or deference by the courts. *Mathews v. Mathews,* Ky.App., 731 S.W.2d 832, 833 (1987). A void judgment is a legal nullity, and a court has no discretion in determining whether it should be set aside. Bertelsman and Philipps, *Kentucky Practice,* Civil Rule 60.02, Vol. 7, p. 396 (4th ed. 1984). Therefore, because the trial court had no jurisdiction over Foremost at the time default judgment was entered, the judgment was void *ab initio* and the trial court erred as a matter of law in refusing to set it aside.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed and this matter is remanded for further proceedings consistent with this Opinion.

All concur.