COMBS, JUDGE:
Helen Louise Marshall and Martha Wilke appeal from the Livingston Circuit Court's denial of their motion to hold this case in abeyance and to grant Martha Dianne Marshall's motion to dismiss. For the reasons set forth below, we affirm.
Appellant Helen Louise Marshall is the mother of decedent, Robert L. Marshall. Appellant Martha Wilke is his sister. We refer to them collectively as "Decedent's Family." Decedent's Family filed this action to contest the validity of his October 29, 2016, remarriage to Appellee, Martha Dianne Marshall (Wife), with whom Decedent had cohabited since their divorce. The solemnization of the marriage occurred at his hospital bedside, and it was duly officiated before two witnesses. After his return home from the hospital on November 16, *383 2016, the newlyweds applied for a marriage license with the Livingston County Clerk's Office. All parties purportedly signed the license, and it was filed the next day.
Count I of the complaint of Decedent's Family sought a declaration of rights as to the validity of the marriage, asserting its invalidity due to the couple's failure to strictly comply with marriage license requirements pursuant to KRS[1] 402.080 as interpreted in Pinkhasov v. Petocz , 331 S.W.3d 285 (Ky. App. 2011). Count II of the complaint alleged that Decedent was mentally incapacitated at the time of the marriage and that Wife fraudulently induced him into entering into the marriage.
After Wife filed her answer, Decedent's Family moved for judgment on the pleadings. The trial court's order denied the motion, finding that Decedent's Family did not have standing to file on Decedent's behalf. The trial court allowed the action to continue, indicating the possibility that Decedent's Family might have standing in its own right. The trial court then entered a new order clarifying its first ruling and dismissing Count I for lack of standing.
Decedent's Family moved to alter, amend, or vacate the clarified order and moved to hold the proceedings in abeyance pending the resolution of their separate action contesting Decedent's last will and testament.[2] Wife responded by moving to dismiss for lack of standing pursuant to KRS 403.120. The trial court denied Decedent's Family's motion to hold in abeyance and dismissed the case. This appeal followed.
The standard of review of a motion to dismiss for failure to state a claim upon which relief can be granted is well established. CR 3 12.03. "In ruling on a motion to dismiss, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." Morgan v. Bird , 289 S.W.3d 222, 226 (Ky. App. 2009). "The court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club , 551 S.W.2d 801, 803 (Ky. 1977). When, as here, factual findings are not at issue, we must review the legal conclusions of the trial court de novo. We owe no deference to the trial court's ruling. Pinkhasov , 331 S.W.3d at 291. Statutory interpretation is purely a legal matter and is reviewed de novo. See, e.g., Commonwealth v. McBride , 281 S.W.3d 799, 803 (Ky. 2009) ("The construction and application of statutes is a matter of law. Therefore, this Court reviews statutes de novo without deference to the interpretations adopted by lower courts."). Courts must interpret statutes according to their plain meaning. Id.
The sole issue presented in this case is whether a third party has standing to collaterally attack a marriage under Kentucky law. If third parties do not have standing, Decedent's Family cannot attack his marriage to Wife as invalid due to failure to follow KRS 402.080[4] -- nor as invalid due to incompetence, impairment, or fraudulent under KRS 403.120. If Decedent's Family does not have standing to *384 contest Wife's marriage to Decedent, Kentucky law presumes validity unless Wife herself -- either on her own behalf or as executrix of Decedent's estate -- contests the marriage. Under the facts presented in this case, we conclude that the third parties collectively attacking this marriage lack standing to do so.
Kentucky has a strong public policy in favor of upholding marriage. Pinkhasov , 331 S.W.3d at 293. The law presumes validity, and a party to the marriage must overcome that presumption before contesting it. Id. at 293-94. Under the facts before us, the parties, who had never separated after their divorce, sought a legally valid civil marriage and ultimately completed all steps required to comply. Therefore, any third party attacking the marriage must meet specific statutory criteria in order to carry out that endeavor.
"The statutory requirements enacted by the Kentucky legislature regulating the establishment of a legally valid civil marriage within the Commonwealth are concise and unambiguous." Pinkhasov , 331 S.W.3d at 293. In discussing statutory interpretation, "our duty is to ascertain and give effect to the intent" of the legislature. Beckham v. Board of Education of Jefferson County , 873 S.W.2d 575, 577 (Ky. 1994). In so doing, it is not our function "to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used." Id. "When the words of the statute are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written." McCracken County Fiscal Court v. Graves , 885 S.W.2d 307, 309 (Ky. 1994) (citations omitted).
The circumstances under which a court may invalidate a marriage are detailed in KRS 403.120, in part, as follows:
(1) The Circuit Court shall enter its decree declaring the invalidity of a marriage entered into under the following circumstances:
(a) A party lacked capacity to consent to the marriage at the time the marriage was solemnized, either because of mental incapacity or deformity or because of the influence of alcohol, drugs, or other incapacitating substances, or a party was induced to enter into a marriage by force or duress, or by fraud involving the essentials of marriage;
(b) A party lacks the physical capacity to consummate the marriage ...
(c) The marriage is prohibited.
(2) A declaration of invalidity under paragraph (a), (b) or (c) of subsection (1) may be sought by any of the following persons and must be commenced within the times specified, but only for the causes set out in paragraph (a) may a declaration of invalidity be sought after the death of either party to the marriage:
(a) For a reason set forth in paragraphs (a) and (b) of subsection (1), by party or by the legal representative of the party who lacked capacity to consent, who was the offended party or did not know of the incapacity ...
(b) For the reason set forth in paragraph (c) of subsection (1), by either party....
This Court has historically rejected third-party attempts to invalidate marriages -- even those prohibited and against public policy, such as bigamous and incestuous unions. Ferguson v. Ferguson , 610 S.W.2d 925, 927 (Ky. App. 1980) (denying son standing to challenge deceased father's *385 bigamous second marriage six days prior to divorce decree entered dissolving father's first marriage); see also Mathews v. Mathews , 731 S.W.2d 832 (Ky. App. 1987) (granting stepchildren standing to attack father's divorce decree entered without the court's jurisdiction, but declining to decide the issue of standing to attack father's second marriage).
Decedent's Family argues that Pinkhasov requires strict compliance with KRS 402.080. Because Wife and Decedent did not apply for a marriage license before solemnizing their marriage, they argue that no valid marriage exists and that there is no valid relationship to be protected from collateral attack. However, several facts distinguish the context of Pinkhasov from the facts presented here. Pinkhasov arose from a dispute between the parties to the marriage with one party seeking to enforce a civil marriage that the parties had intentionally and knowingly sought to avoid. In this case, third parties are seeking to invalidate a marriage. The married couple here completed all the requirements to create a legally valid civil marriage rather than intentionally and knowingly trying to avoid one. The trial court correctly found that Pinkhasov does not extend standing to a third party to contest a marriage.
We affirm the order of the Livingston Circuit Court denying the motion to hold this case in abeyance and granting the motion to dismiss.
ALL CONCUR.

Kentucky Revised Statutes.

Livingston Circuit Case Martha Wilke, et al. v. Robert L. Marshall, et al. , Number 17-CI-00062.

"No marriage shall be solemnized without a license therefore."