RENDERED: JANUARY 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2019-CA-1877-MR

RANDALL CAMPBELL AND                                    APPELLANTS
KAREN CAMPBELL

v.          APPEAL FROM KENTON CIRCUIT COURT
            HONORABLE CHRISTOPHER J. MEHLING, JUDGE
            ACTION NO. 17-CI-01019

AMANDA CAMPBELL AND                                      APPELLEES
KRISTOPHER CAMPBELL

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; GOODWINE AND KRAMER, JUDGES.

GOODWINE, JUDGE: Randall Campbell and Karen Campbell ("Grandparents"), paternal grandparents of the subject-child, appeal the October 10, 2019 judgment on custody and visitation and the December 6, 2019 order denying their motion to vacate the judgment for lack of subject matter jurisdiction entered by the Kenton Circuit Court, Family Division. After careful review, we vacate and remand.

## BACKGROUND

The child was born February 12, 2012, to Amanda and Kristopher Campbell ("Parents") in Butler County, Ohio. At birth, she was diagnosed with neonatal abstinence syndrome. Parents voluntarily consented to transfer custody to Grandparents shortly after the child's birth.[1] On February 17, 2012, a magistrate in Butler County, Ohio granted Grandparents legal custody of the child based upon Parents' consent. Record ("R.") at 34. On the same day, a Butler County judge adopted the magistrate's decision, making it a "final appealable" order of the court. R. at 33. The child then went to live with Grandparents in Kenton County, Kentucky, where they continue to reside.

Later in 2012, Parents entered a drug rehabilitation program. In October 2014, after completion of the program, Parents moved to Campbell County, Kentucky. Also in 2014, Parents filed a motion in the Ohio court for modification of custody. A magistrate denied the motion on December 30, 2015. R. at 29-32. The magistrate's order was made final by an order of a Butler County judge on January 4, 2016. R. at 28.

On July 13, 2017, Parents filed a petition for visitation in Kenton County, Kentucky. Thereafter, Grandparents responded to the petition and

---

[1] *In re: Z.S.C.*, Butler County Court of Common Pleas, Juvenile Division, Case No. JS2012-0106.

requested the Ohio orders be registered in Kentucky. On September 13, 2017, by agreed order, the Ohio orders were registered in Kentucky. R. at 39. In October 2018, Parents moved from Kentucky to Hamilton County, Ohio. Subsequently, in the Kenton County case, the family court granted Parents expanded visitation.[2]

Parents then moved for sole custody and increased parenting time with the child. After a hearing on October 10, 2019, the family court found the Ohio order did not qualify as a "custody decree" under KRS[3] 403.270(2). R. at 223. Upon this finding, the family court made what it characterized as the initial custody determination, granting Parents sole custody of the child. *Id.* In the alternative, the family court found, if the Ohio order qualified as a "custody decree," modification to sole custody to Parents was warranted under KRS 403.340. *Id.* The court also found Grandparents qualified as *de facto* custodians and granted them visitation with the child. R. at 220.

Grandparents timely moved to vacate the judgment, arguing the family court did not have jurisdiction to determine custody under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). After briefing on the issue, the family court denied Grandparents' motion. Specifically, the family

---

[2] Grandparents appealed from this order but later moved to dismiss their appeal. This Court granted the motion to dismiss on May 14, 2019. *Campbell v. Campbell*, No. 2018-CA-0010-ME.

[3] Kentucky Revised Statutes.

court found, "the Butler County court entered only temporary orders that do not meet the statutory requirement of a custody decree in Kentucky. Butler County did not make a 'child custody determination.'" R. at 344. The court further found KRS 403.822 controlling because it, not the Ohio court, made the "initial custody determination." *Id.* The family court reasoned, even if the Ohio order were considered a child custody determination, "it was divested of jurisdiction by operation of KRS 403.824(1)(b) when [Parents] relocated from Ohio to Kentucky." R. at 345. Finally, it determined Ohio could no longer have subject matter jurisdiction because "[t]he UCCJEA contains no mechanism for 'restoring' jurisdiction of the 'decree state' once it has been extinguished." *Id.*

This appeal followed.[4]

## **STANDARD OF REVIEW**

"Whether a Kentucky court has jurisdiction under the UCCJEA is a question of law that we review *de novo*." *Officer v. Blankenship*, 555 S.W.3d 449, 453 (Ky. App. 2018) (citation omitted).

---

[4] After initiating this appeal, Grandparents filed a motion for intermediate relief under CR 76.33 requesting this Court stay the October 10, 2019 order. This Court denied the motion on May 18, 2020.

## ANALYSIS

On appeal, Grandparents raise four arguments: (1) the family court lacked subject matter jurisdiction under the UCCJEA; (2) the family court erred in allowing entry of Parents' exhibits in violation of FCRPP[5] 7(1); (3) the family court improperly applied KRS 403.270(2) and KRS 403.340(3)-(4); and (4) the family court erred in granting Grandparents only grandparent visitation after finding they qualified as *de facto* custodians.

"The UCCJEA is a uniform law designed to deal with the problems of competing jurisdictions entering conflicting interstate child custody orders, forum shopping, and the drawn out and complex child custody legal proceedings often encountered by parties where multiple states are involved." *Ball v. McGowan*, 497 S.W.3d 245, 249 (Ky. App. 2016) (citation and internal quotation marks omitted). Both Kentucky and Ohio have adopted the UCCJEA. *See* KRS 403.800-880; ORC[6] Chapter 3127.

Herein, Grandparents argue the family court did not have jurisdiction under the UCCJEA to enter the October 10, 2019 order. Parents allege Grandparents' delay in raising this issue precludes them from succeeding on appeal. "[J]urisdiction under the UCCJEA is subject matter jurisdiction, and . . . a

---

[5] Family Court Rules of Practice and Procedure.

[6] Ohio Revised Code.

court either has it or it does not." *Officer*, 555 S.W.3d at 455 (citation and internal quotation marks omitted). Subject matter jurisdiction cannot be waived and, without it, any order entered by a court is "void from its inception." *Id.* Furthermore, "[t]he question of subject matter jurisdiction may be raised at any time and is open for the consideration of the reviewing court whenever it is raised by any party." *Gullett v. Gullett*, 992 S.W.2d 866, 869 (Ky. App. 1999) (citation omitted). Therefore, we have the authority to review the issue of subject matter jurisdiction regardless of when Grandparents raised it below.

To determine whether the family court had subject matter jurisdiction under the UCCJEA, we must first consider the court's determination that the February 17, 2012 order of the Ohio court was not an initial custody determination. The family court evaluated the Ohio order under KRS 403.270(2) and found that it did not qualify as a custody decree under Kentucky law. In drawing this conclusion, the court relied primarily on *London v. Collins*, 242 S.W.3d 351, 357 (Ky. App. 2007), wherein this Court determined a permanency order issued by a Kentucky family court was not a custody decree within the meaning of KRS Chapter 403.

This matter is easily distinguishable from *London*. Herein, the order being evaluated was entered by a court of another state, rather than a Kentucky court. In *London*, it was appropriate for this Court to review the sufficiency of the

-6-

findings in an order issued by a lower Kentucky court under Kentucky law. However, it is entirely inappropriate for a Kentucky court to evaluate the sufficiency of the findings in an Ohio order under Kentucky law and, upon determining those findings are insufficient, disregard the order and proceed as if it were never entered. Such determinations have no basis in Kentucky law and directly contradict the intent of the UCCJEA.

Furthermore, under the UCCJEA, an "initial determination" is defined as "the first child custody determination concerning a particular child[.]" KRS 403.800(8). A "child custody determination" is defined as "a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes permanent, temporary, initial, and modification orders." KRS 403.800(3) (emphasis added). Proceedings in which such determinations can be made include "divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence[.]" KRS 403.800(4).

The Ohio orders plainly state they are final and appealable, making the family court's finding that they are temporary unsupported by the record. However, even if we were to accept the family court's finding, its determination that temporary orders do not qualify as child custody determinations under the UCCJEA is contradicted by statute. KRS 403.800(3) and (4) define child custody

-7-

determinations broadly to include any order on custody, including temporary orders entered in a number of actions, including dependency, neglect, and abuse ("DNA") proceedings. As the Ohio order was the first order concerning custody of the child and was entered in a qualifying proceeding, it clearly meets the statutory definition of an initial custody determination. Therefore, the family court erred in determining it, not the Ohio court, had jurisdiction to make the initial custody determination.

Next, we must consider whether the family court erred in finding, in the alternative, it had jurisdiction to modify the Ohio order. Because the Ohio court made the initial custody determination, it possessed exclusive, continuing jurisdiction over this matter. *Wallace v. Wallace*, 224 S.W.3d 587, 590 (Ky. App. 2007).

> Except as otherwise provided in KRS 403.828, a court of this state shall not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under KRS 403.822(1)(a) or (b) and:
>
> (1) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under KRS 403.824 or that a court of this state would be a more convenient forum under KRS 403.834; or
>
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

-8-

KRS 403.826. Under KRS 403.822(1)(a), a court of this state has jurisdiction to make an initial custody determination if "[t]his state is the home state of the child on the date of the commencement of the proceeding[.]" A child's "home state" is "the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding." KRS 403.800(7). Herein, the child lived with Grandparents in Kentucky for more than five years prior to Parents' filing their petition. Therefore, the family court would have had jurisdiction to make an initial custody determination. However, our inquiry is not complete.

We must now determine whether the requirements of KRS 403.826(1) or (2) have been met. First, the record is devoid of any indication the family court communicated with the Ohio court, nor does it show the Ohio court independently determined it no longer had exclusive, continuing jurisdiction over this matter or Kentucky would be a more convenient forum. Furthermore, despite the family court's finding to the contrary, a Kentucky court cannot determine Ohio, the "decree state," has lost jurisdiction. *Ball*, 497 S.W.3d at 252 (citation omitted). Only Ohio can make such a determination in this case and, without it, the requirements of KRS 403.826(1) have not been met.

Next, the family court reasoned that Parents' residence in Kentucky at the time the Kenton County action commenced is sufficient for it to have

jurisdiction under KRS 403.826(2). However, unlike other sections of the UCCJEA, KRS 403.826(2) does not refer to residence on the date of commencement of the proceeding, but rather, specifies a court must determine where the child, parents, and persons acting as parents "presently reside." "Courts must interpret statutes according to their plain meaning." *Marshall v. Marshall*, 559 S.W.3d 381, 383 (Ky. App. 2018) (citation omitted).

It is undisputed Parents moved from Ohio to Kentucky in 2014 and then back to Ohio in October 2018. Parents concede they continue to reside in Ohio. Additionally, in the October 10, 2019 order, the family court found Parents were residents of Ohio. Because Parents presently reside in the state where the initial custody determination was made, the conditions of KRS 403.826(2) have not been met. Therefore, the family court does not have jurisdiction to modify the Ohio order.

Without subject matter jurisdiction under the UCCJEA, the family court's orders were void from their inception. Had the family court wished to exercise jurisdiction based upon the child's lengthy residence in Kentucky and ties to the state, it could have availed itself of the option to contact the Ohio court and request it find Kentucky to be a more convenient forum for these proceedings or that it no longer had exclusive, continuing jurisdiction. However, to date, no such communication has been initiated.

-10-

As the orders of the family court must be vacated for lack of subject matter jurisdiction, we need not address Grandparents' remaining arguments on appeal.[7]

## **CONCLUSION**

Based upon the foregoing, we vacate the orders of the Kenton Circuit Court, Family Division for lack of subject matter jurisdiction. Furthermore, we remand this matter to give the family court the opportunity to contact the Ohio court and, if the Ohio court declines to exercise its jurisdiction, Parents' petition and motions should proceed in the family court, giving full faith and credit to the orders of the Ohio court. If the Ohio court retains jurisdiction, the family court shall dismiss this action.

ALL CONCUR.

---

[7] However, should the Butler County, Ohio court decline to exercise continuing jurisdiction and agree to transfer jurisdiction to Kenton County, Kentucky, the family court should take note that Parents do not have superior rights to custody solely by virtue of their status as biological parents and that the provisions of KRS 403.340(6) require that where a court orders a modification of a child custody decision, there shall be a presumption that it is in the best interests of the child for the parents/custodians to share joint custody. *Hall v. Hall*, No. 2019-CA-001618-ME, 2020 WL 5083464, at *5 (Ky. App. Aug. 28, 2020).

BRIEF FOR APPELLANT:

Keith R. Morgan
Florence, Kentucky

BRIEF FOR APPELLEE:

Brian P. Holloran
Ft. Wright, Kentucky